The Honorable Paul B. Snyder
Chapter 13
Hearing Date: Thursday, January 19, 2017
Hearing Location: Tacoma, Courtroom H
Hearing Time: 1:00 p.m.
Response Date: January 12, 2017

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| In re:<br><br>RICHARD LOUIS NELSON,<br><br>                DEBTOR | No.: 16-44597-PBS<br><br>(Chapter 13)<br><br>**MOTION FOR RELIEF FROM STAY IN CHAPTER 13 CASE** |

### I.     Introduction

COMES NOW, Pomaikai LLC, ("Movant" herein), by and through his Attorneys Synthia Melton and Dimension Law Group PLLC, and moves this court for an order terminating the automatic stay of 11 United States Code § 362, so that it may continue with repossession and all acts necessary to enforce its property interest and in real property commonly described as 18718 95th St. E, Bonney Lake, WA 98391 ("Property"), in Pierce County, Washington, whose tax parcel ID is 4900000080, and whose legal description is:

> LOT 8, KELLY CREEK ADDITION, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 18 OF PLATS, PAGE 97, RECORDS OF PIERCE COUNTY, WASHINGTON. SITUATE IN THE COUNTY OF PIERCE, STATE OF WASHINGTON.

Movant further moves that, absent objection, the provisions of F.R.B.P 4001(a)(3) be waived to avoid further deterioration of Movant's position.

*MOTION FOR RELIEF FROM STAY - 1*

**DIMENSION LAW GROUP, PLLC**
234 SW 43rd St., Suite MA
Renton, WA 98057
Tel:206-973-3500 Fax: 206-577-5090

On or about November 4, 2016, Richard Louis Nelson ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code, with assistance of counsel Jan Gossing. As a result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 United States Code § 362.

Movant moves this Court for relief from stay and offers the following in support thereof:

## II.     Jurisdiction

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(G). This case relates to a case under Title 11 of the United States Code. This proceeding is defined as a "core proceeding" as that is defined in the Code.

## III.     Standing

Under 11 U.S.C. § 362, a party seeking relief from stay must be a "party in interest." To establish that Movant is a "party in interest," a movant must establish that it has at least a colorable claim to the property that is the subject of the motion. In the case at bar, Movant's claim is based on the Trustee's Deed attached to Movant's Declaration and on file with the court. Movant's interest in Deed and Property is described below.

The Trustee's Deed is recorded with the county in which the property is situated as evidence of true legal ownership for the benefit of any subsequent parties that may take an interest in the property described.

In the case at hand, the Deed, together with the Declaration accompanying this motion, establish that Movant is the true legal owner of the Property and is thus entitled to pursue its remedies under applicable non-bankruptcy law.

## IV.     Facts

DIMENSION LAW GROUP, PLLC

234 SW 43rd St., Suite MA
Renton, WA 98057
Tel:206-973-3500 Fax: 206-577-5090

1. On November 4, 2016, Pomaikai LLC (hereafter "Movant") purchased the property commonly known as 18718 95th St. E, Bonney Lake, WA 98391 (hereafter "Property"), at a nonjudicial foreclosure sale in Pierce County, Washington for $205,000.00.

2. After the sale occurred and Movant had tendered payment, and after the end of traditional business hours and state and federal courts had closed for the day, Debtor filed this chapter 13 case.

3. The voluntary petition was not filed and docketed until 18:26:57. *See* Dkt. #1.

4. The Debtor's case was dismissed on November 15, 2016. *See* Dkt. #13.

5. The Trustee's Deed was recorded in Pierce County, Washington on November 16, 2016, under recording no. 201611160222. A true and correct copy of the Trustee's Deed is attached hereto as Exhibit A and incorporated by reference herein.

6. The Debtor's case was not reinstated until November 17, 2016. *See* Dkt. #17.

7. Debtor's right to occupancy was terminated by notice and operation of Chapter 61.24 RCW. Attached hereto as Exhibit B is a true and correct copy of the Notice of Trustee's Sale, dated June 30, 2016, and recorded in Pierce County under recording number 201607050663. Paragraph X of the Notice of Trustee's Sale contains the following notice to the Debtor:

> NOTICE TO OCCUPANTS OR TENANTS – The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings Chapter 59.12 RCW. For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060

8. More than twenty days have elapsed since the trustee's sale of the Property. Debtor has failed to vacate and surrender the premises, have refused to vacate the premises, and continues reside thereon in violation of RCW 59.12.020 and RCW 59.12.030(1).

9. Debtor has no ownership interest in the Property.

*MOTION FOR RELIEF FROM STAY* - 3

10. Due to the bankruptcy, Movant cannot pursue its remedies or enforce its rights in the Property in accordance with applicable non-bankruptcy law.

## MEMORANDUM OF POINTS AND AUTHORITY
### V.    MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)

**A.    Pursuant to 11 U.S.C. § 362(d)(2), the Property and Unlawful Detainer Litigation should not be part of the bankruptcy estate**

11 U.S.C. § 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's effective reorganization.

The commencement of a case under the Bankruptcy Code section 301, 302, or 303 creates an estate; such estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Accordingly, if the debtor has "legal or equitable interests" on the day of filing for bankruptcy, the debtor's interests may become part of the bankruptcy estate. *In re Bryan Bell*, 86 B.R. 282; 2008 U.S. Dist. LEXIS 16065.

Under the Washington Deed of Trust Act, a nonjudicial sale is final if a bid is accepted and the trustee's deed is properly recorded. The Deed of Trust Act provides:

> When delivered to the purchaser, the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale which the grantor had or had the power to convey at the time of the execution of the deed of trust, and such as the grantor may have thereafter acquired. *If the trustee accepts a bid, then the trustee's sale is final as of the date and time of such acceptance if the trustee's deed is recorded within fifteen days thereafter.*

RCW 61.24.050.

In this case, the Trustee's Deed was recorded in Pierce County on November 16, 2016, which was 12 days after the November 4, 2016 sale. Pursuant to RCW 61.24.050, the date of

**DIMENSION LAW GROUP, PLLC**

234 SW 43rd St., Suite MA
Renton, WA 98057
Tel:206-973-3500 Fax: 206-577-5090

1    recording for the Trustee's Deed relates back to the date of the sale, November 4, 2016.

2    Therefore, Debtor lost all interest in the disputed property on November 4, 2016.

3            Based on the aforementioned facts, Debtor had no legal interest in the Property on

4    November 4, 2016, and, therefore, the Property cannot be a part of the Bankruptcy Estate.  By

5    paying the highest bid at the trustee's sale, and the trustee accepting that bid, Movant became

6    the owner of the Property, once the Trustee finalized the sale on the morning of November 4,

7    2016, which was before the Debtor's bankruptcy petition date.

8            Since that date, Movant has continued to incur substantial cost and expenses related to

9    the purchase of the Property and the protracted litigation. Debtor currently occupies the

10   Property.  Movant is unable to take possession of the Property, pursue its unlawful detainer

11   action, or otherwise enforce its rights in the Property due to the Automatic Stay.

12   **B.    Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the petition date,
            Debtor had no right to continued occupancy of the premises**

13           11 U.S.C. § 362(d)(1) provides that relief from the automatic stay shall be granted for

14   cause.  Cause exists because as of the petition date, Debtor had no right to continued occupancy

15   of the premises.  As stated above, Movant acquired title to the premises by Trustee's Sale, and

16   the Trustee's Deed was recorded on November 16, 2016.  Pursuant to RCW 61.24 *et seq*.,

17   Debtor had no right to continued occupancy after November 24, 2016, the twentieth day after

18   the nonjudicial foreclosure sale. Therefore, Debtor had no right to continued occupancy of the

19   premises as of the petition date.

20   **C.    There is no equity in the Property and there is no prospect of reorganization**

21           Movant is informed and believes that, based on Debtor's failure to file the bankruptcy

22   *before* the sale occurred, there is no equity in the Property, as all of Debtor's interests in the

23   Property divested at the trustee's sale on November 4, 2016.  As a result, there is no equity in

24   the Property for the bankruptcy estate.  Thus, Movant is entitled to relief from the automatic

25   stay pursuant to 11 USC § 362 (d)(2).

*MOTION FOR RELIEF FROM STAY - 5*

In *In re San Clemente Estates*, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that:

> § 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under § 362(d)(1).

*Id.* at 610.   In this case, there is no equity in the Property because Debtor no longer owns it. Therefore, relief from stay should also be granted under 11 U.S.C. § 362(d)(2).

### D.   Lifting the Stay will not dilute Creditor Recoveries

Courts have found that cause exists for lifting the stay, among other reasons, where doing so will not affect estate property or dilute creditor recoveries. *See, e.g.*, *In re Davis*, 91 B.R. 470, 472 (Bankr. N.D. Ill. 1988) (lifting stay because Debtor would experience no hardship by defending a claim in state court, the state court proceeding would not prejudice the estate and would not interfere with the bankruptcy proceedings, and stating that "[w]here these factors are present, some courts have held that the mere desire of a party to modify the stay should constitute sufficient cause to lift the stay").  While Debtor has proposed a chapter 13 plan, the underlying debt on the Property was extinguished by the November 4, 2016 sale.  In pursuing the unlawful detainer litigation in state court, Movant simply seeks to recover possession of the Property it owns.

### E.   Lifting the Stay would promote judicial economy

Courts also have found that cause exists for lifting the stay to promote judicial economy and avoid prejudice to other parties if the issues to be decided are not exclusively bankruptcy issues. *See In re Kronemyer,* 405 B.R. 915 (9th Cir. BAP 2009) (citing *MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985), *Ozai v. Tabuena (In re Ozai)*, 34 B.R. 764, 766 (9th Cir. BAP 1983).  Here, an unlawful detainer action is not a bankruptcy issue.  It would not promote judicial economy for the bankruptcy court to determine whether the Debtors are guilty of unlawful detainer.  Moreover, although Movant is not seeking

**DIMENSION LAW GROUP, PLLC**

234 SW 43rd St., Suite MA
Renton, WA 98057
Tel:206-973-3500 Fax: 206-577-5090

a monetary judgment, it continues to incur costs with respect to the property, and cannot make productive use of its property. Therefore, Movant's interests would be prejudiced if the stay were not lifted.

**F.** **Pursuant to 11 U.S.C. § 362(d)(1), cause exists because Movant lacks adequate protection of its interest in the property**

Pursuant to the provision of 11 USC § 361 and § 362(d)(1), Movant is entitled to adequate protection of its interest in the Property. Movant submits that adequate protection in this case requires either full reimbursement for the purchase price at the Trustee's Sale ($205,000.00). Debtor has not offered or provided any post-petition rent or compensation to Movant while it occupies the Property rent-free. Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

Every day that Debtor remains on disputed property, Movant suffers monetary damages that Movant cannot recoup due to the Bankruptcy. Furthermore, Defendant's continued presence on the property leaves the potential for Debtor to irreparably damage the property, which may leave the disputed property uninhabitable.

**G.** **The 14-day stay of Bankruptcy Rule 4001(a)(3) should be waived**

Movant would normally start unlawful detainer proceedings to dispossess the defendant, a process that takes approximately four to six weeks. Movant is unable to pursue this remedy due to the automatic stay. Pomaikai creditor should be granted relief from stay for "cause" as defined by § 362(d)(1). There is no adequate protection to Movant creditors while the debtor continues to possess the premises. The debtors have paid no amount of rent and have evidenced an intention to remain in possession without paying rent forever.

**DIMENSION LAW GROUP, PLLC**

234 SW 43rd St., Suite MA
Renton, WA 98057
Tel:206-973-3500 Fax: 206-577-5090

1    Movant should further be granted the right to enter and take possession of the Property

2    without further delay, or, in the alternative, to be allowed to commence unlawful detainer

3    proceedings in state court immediately. If Movant is allowed to proceed in Superior Court, the

4    Movant will first have to serve the action, and then seek an order requiring the debtor to show

5    cause why a writ of restitution should not be issued. If a writ of restitution is issued, it will be at

6    least another week before the County Sheriff can remove the debtor from the premises. Thus,

7    there will be a delay of at least three and more likely four weeks from entry of the order lifting

8    stay before the debtor could be required to surrender possession of the premises. No purpose is

9    served by an additional fourteen day delay. The court should, therefore, waive the fourteen day

10   stay pursuant to Bankruptcy Rule 4001(a)(3).

11

12   WHEREFORE, Movant, respectfully prays for an order as follows:

13   1.  That the automatic stay of 11 U.S.C § 362 is terminated as it applies to the enforcement

14       by Movant of all of its rights in the real property commonly known as 18718 95th St E,

15       Bonney Lake, WA 98391, (the "Property"), Tax Parcel #4900000080

16       which is legally described as:

17       LOT 8, KELLY CREEK ADDITION, ACCORDING TO THE PLAT THEREOF
         RECORDED IN VOLUME 18 OF PLATS, PAGE 97, RECORDS OF PIERCE

18       COUNTY, WASHINGTON. SITUATE IN THE COUNTY OF PIERCE, STATE
         OF WASHINGTON.

19   2.  Movant may pursue its unlawful detainer action in Pierce County Superior Court

20       against the Debtor;

21   3.  Movant may enforce its remedies to obtain possession of the Property in accordance

22       with applicable non-bankruptcy law;

23   4.  That the 14-day stay of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure

24       be waived;

25

*MOTION FOR RELIEF FROM STAY - 8*

1    5.  That this order shall be binding and effective despite any conversion of this bankruptcy

2        case to a case under any other chapter of Title 11 of the United States Code;

3    6.  For reasonable attorney's fees and costs if allowed by statute;

4    7.  For such other and further relief as the Court deems proper.  For such other and further

5        relief as the Court deems proper.

6

7    Respectfully submitted this 27th day of December, 2016.

8                                        **DIMENSION LAW GROUP, PLLC**

9
                                         ___/s/ Synthia Melton_____
10                                       Synthia Melton, WSBA # 43593
                                         Attorneys for Pomaikai LLC
11                                       234 SW 43rd St., Suite MA
                                         Renton, WA 98057
12                                       P: (206) 973-3500
                                         F: (206) 577-5090
13                                       synthia@dimensionlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

**DIMENSION LAW GROUP, PLLC**

234 SW 43ʳᵈ St., Suite MA
Renton, WA 98057
Tel:206-973-3500 Fax: 206-577-5090