**Below is a Memorandum Decision
of the Court.**

*Mary Jo Heston*

**Mary Jo Heston
U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

RICHARD LOUIS NELSON,

                    Debtor.

Case No. 16-44597

**MEMORANDUM DECISION ON
MOTION FOR RELIEF FROM STAY**

This matter came before the Court on February 16, 2017, on a motion for relief from stay filed by Pomaikai LLC (Movant). Movant seeks an order terminating the automatic stay to pursue an unlawful detainer action against Richard Louis Nelson (Debtor) and to take all acts necessary to enforce its interest in real property commonly described as 18718 95th St. E., Bonney Lake, Washington 98391 (Property). The Debtor objects to the motion. After the hearing, the Court took the matter under advisement. Based on the pleadings and arguments presented, the Court's findings of fact and conclusions of law are as follows:

On November 4, 2016, Movant purchased the Property at a non-judicial foreclosure sale in Pierce County, Washington, for a purchase price of $205,000. After the completion of the foreclosure sale occurred, and after Movant tendered payment which was accepted by the foreclosure trustee (Trustee), the Debtor filed a voluntary Chapter 13 bankruptcy petition.

MEMORANDUM DECISION ON
MOTION FOR RELIEF FROM STAY - 1

The Debtor's petition was filed and docketed at 18:26:57 on November 4, 2016. The Debtor filed a Chapter 13 Plan (Plan) on January 5, 2017.[1] The Trustee's Deed Upon Sale (Trustee's Deed) is dated and was acknowledged on November 10, 2016. The parties did not provide clear evidence of the date of delivery of the Trustee's Deed.

The Debtor's Chapter 13 bankruptcy case was dismissed on November 15, 2016 at 12:52:34, and the Debtor filed a motion to vacate the dismissal that same day. The Trustee's Deed was recorded in Pierce County, Washington on November 16, 2016. An order granting the Debtor's motion to vacate the dismissal was entered on November 17, 2016 at 08:04:54.

## DISCUSSION

Movant requests relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2) in order to proceed with unlawful detainer litigation against the Debtor. Movant also argues that if the delivery of the Trustee's Deed took place while the stay was in effect, such delivery was a ministerial act which did not violate the automatic stay. In opposition, the Debtor asserts that the post-sale actions of the foreclosure trustee taken while the Debtor's bankruptcy case was pending (i.e. the acknowledgement and possibly the delivery of the Trustee's Deed) violated the automatic stay, and are therefore void, which gives the Debtor ownership rights in the Property without restriction due to the prior non-judicial foreclosure sale. Debtor further asserts that the Movant, as a purchaser at the unchallenged non-judicial foreclosure sale, has no standing to seek relief from stay and that vacation of the dismissal order had the effect of re-imposing the automatic stay retroactively. The Debtor has not raised

---

[1] The Debtor's Plan reflects arrears on the Property of $40,843, as well as a secured claim of the IRS in the amount of $193,792. The Chapter 13 Trustee filed an objection to confirmation of the Plan (Objection) which alleges that the Plan is not feasible, does not commit all disposable income, as well as other grounds. Tr. Obj, ECF No. 28. The Debtor did not file a response. The Objection was scheduled for the same hearing date, but both the Debtor and the Chapter 13 Trustee requested a ruling on the stay motion and a deferral of the hearing on the Plan and Objection.

MEMORANDUM DECISION ON
MOTION FOR RELIEF FROM STAY - 2

any issues concerning the conduct of the foreclosure sale under the Washington Deed of Trust Act (DTA) or other applicable law other than Section 362 of the U.S. Bankruptcy Code.

### A. Does Movant Have Standing to Request Relief?

The first issue presented is whether Movant, as a purchaser at an unchallenged non-judicial foreclosure sale, has standing to request relief from stay where the Debtor filed bankruptcy after the sale, but prior to acknowledgement, delivery and recordation of the deed. The Debtor contends that the sale was void because of alleged post sale violations of the automatic stay and that Movant therefore has no standing to bring the instant motion. According to the Debtor, no property interest was transferred without a valid sale. Nelson Resp. 7:17-21, ECF No. 29. This reading is incorrect. A party impacted by the stay should be entitled to a hearing before a court.

The Code provides that any "party in interest" may seek relief from stay. 11 U.S.C. § 362(d). A "party in interest" may include "any party that has a pecuniary interest in the matter, that has a practical stake in the resolution of the matter or that is impacted by the automatic stay." In re Cruz, 516 B.R. 594, 602 (9th Cir. BAP 2014) (citing Brown v. Sobczak (In re Sobczak), 369 B.R. 512, 517–18 (9th Cir. BAP 2007)). Movant was a purchaser at the non-judicial foreclosure sale and, but for the questions concerning the stay's applicability to the foreclosure trustee's actions following such sale, would be entitled to enjoyment of the Property. This interest is enough to allow Movant to bring the instant motion. Compare In re B & I Realty Co., 158 B.R. 220, 223 (Bankr. W.D. Wash. 1993)(finding no standing in citizen suit where movant did not have an "interest of its own" in the outcome). Unlike in B & I, Movant has an interest of its own in that the scope and effect of the automatic stay may well determine Movant's rights in the Property and possession of the same.

### B. Does Vacation of a Dismissal Order Re-impose the Stay Retroactively?

The Debtor asserts that when this Court entered the order vacating the earlier dismissal order, the effect was to re-impose the stay retroactively thus voiding all post sale actions of the foreclosure trustee, including the recording of the Trustee's Deed. This is not the law. Instead, the general rule is that the stay is re-imposed only prospectively when a dismissal is vacated. <u>See</u> <u>In re Sewell</u>, 345 B.R. 174, 179 (9th Cir. BAP 2006); <u>In re Townley</u>, 2011 WL 6934444, at *6 (9th Cir. BAP Nov. 7, 2011). While a court does have discretion to re-impose the stay retroactively, no request to do so was made in the Debtor's motion to vacate the order of dismissal and accordingly, the Court's order did not do so *sua sponte.*[2]

### C. What is the Nature of Debtor's Ownership Interest in the Property Following an Unchallenged Non-Judicial Foreclosure Sale?

The Debtor contends that the Trustee's Deed was both acknowledged and delivered while his bankruptcy case was pending and that such acknowledgement and delivery violated the stay. Nelson Resp. 8:19-24, ECF No. 29. According to the Debtor, if the acknowledgement and delivery of the Trustee's Deed violated the stay, then the Debtor should be able to invalidate the entire foreclosure sale, retain the Property and proceed with his Chapter 13 Plan as though no foreclosure sale occurred. Specifically, the Debtor argues that without valid physical delivery of the Trustee's Deed following the Trustee's Sale, no property interest was transferred to Movant and he may deal with the Property in a Chapter 13 Plan. Nelson Resp. 7:17-21, ECF No. 29. In support of this argument, the Debtor cites the following language in the DTA: "Upon physical delivery of the trustee's deed to the

---

[2] Similarly, the bankruptcy court has the authority to annul the stay retroactively in certain circumstances based on the equities of the case, but may not do so *sua sponte.* <u>See</u> <u>In re Gasprom, Inc.</u>, 500 B.R. 598, 607-08 (9th Cir. BAP 2013).

purchaser . . . the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale which the grantor had or had the power to convey . . . ." RCW 61.24.050(1). According to the Debtor, the foreclosure trustee's acknowledgement and possibly the physical delivery of the Trustee's Deed while the stay was in effect, voids the rights of the Movant in the Property. However, this argument overstates the Debtor's legal rights and interests in the Property and understates the consequences of a valid foreclosure sale on the Debtor's interests in the Property as established under Washington State law. See Udall v. T.D. Escrow Svcs., Inc., 159 Wn.2d 903, 908, 154 P.3d 882, 887 (2007) (en banc); see generally Butner v. United States, 440 U.S. 48, 55, 99 S. Ct. 914 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.").

In Udall the Washington State Supreme Court specifically considered the impact of failure to deliver a trustee's deed following a foreclosure sale on the validity of the sale itself. The Udall court held that the foreclosure trustee's acceptance of the bid on the fall of the gavel bound the foreclosure trustee to the delivery of the deed subject only to procedural irregularities in the sale or breaches of fiduciary duty by the foreclosure trustee. Udall, 154 P.3d at 890. In rejecting the Court of Appeals' conclusion that the introductory clause denied a purchaser rights in the property sold at the foreclosure sale until physical delivery of the deed, the Udall court further held that save for procedural irregularities in the sale or breaches of fiduciary duty, the trustee was compelled to deliver the acknowledged deed to the highest bidder. Udall, 154 P.3d at 890. Crucially, the foreclosure trustee's discretion to

withhold the deed or void the sale is confined by the DTA itself. Within eleven days of the sale, a foreclosure trustee, beneficiary, or authorized agent for the beneficiary (but not the borrower) may declare the sale void if a defect in the actual sale exists.[3] RCW 61.24.050(2)(a). The statute delineates three limited circumstances upon which the sale could be set aside by such parties. Those reasons all relate to conduct at or just prior to the sale. RCW 61.24.050(2)(a)(i)-(iii). The DTA also provides that collusive bidding is a basis to void a foreclosure sale or withhold delivery of the deed. RCW 61.24.135(1). Thus, under Washington law, the Debtor's and the estate's rights in the Property following the sale, absent a challenge based on applicable procedural or other irregularities in the conduct of the sale itself, are at most in the nature of bare legal title together with a possessory interest, rather than full and unfettered ownership interests and rights in such Property. 11 U.S.C. § 541(a)(1).

### D. Was the Acknowledgement and Delivery of the Trustee's Deed Subject to the Automatic Stay Where Recording of the Deed Took Place When the Stay was Not in Effect?

In this case, the recording of the Trustee's Deed took place while the case was dismissed, the acknowledgement of the Trustee's Deed took place while the stay was in place, and it is unclear whether the automatic stay was in place at the time of delivery of the Trustee's Deed. Movant argues that the sale is final and that it has title to the Property based on the relation back language of the second sentence of RCW 61.24.050(1).[4] This section provides that "if the trustee accepts a bid, then the trustee's sale is final as of the date and

---

[3] Following the <u>Udall</u> decision, the Washington State legislature added RCW 61.24.135 to allow a foreclosure trustee to decline to complete a sale or deliver the trustee's deed if bidding is collusive, defective or the sale might have otherwise been void. Notably, the provisions of RCW 61.24.050(1) were not changed.

[4] One court has suggested that in certain instances a relation back provision could validate a prepetition sale but on the facts before the court it was unnecessary to decide the issue. See <u>Bell v. Aurora Loan Svcs. (In re Bell)</u>, 386 B.R. 282, 292 n.4 (W.D. Wash. 2008).

MEMORANDUM DECISION ON
MOTION FOR RELIEF FROM STAY - 6

time of such acceptance if the trustee's deed is recorded within fifteen days thereafter." RCW 61.24.050(1). Movant also argued at the hearing that because the acknowledgement and delivery of the deed is a ministerial act, even if it occurred during the existence of the automatic stay, no violation of the stay has occurred.

Debtor contends that if the acknowledgement or delivery of the Trustee's Deed was performed while the automatic stay was in effect, the stay was violated and the sale may be undone. The Debtor relies in part on the Eastern District of Washington Bankruptcy Court's decision in In re Betchan, 524 B.R. 830, 833-34 (Bankr. E.D. Wash. 2015). In Betchan the foreclosing party moving for relief from stay was the debtor's pre-petition lender who had initiated the foreclosure. The debtor in that case filed her bankruptcy case after the sale, but before the acknowledgement, delivery _and_ recording of the foreclosure trustee's deed. In the case before this Court, the recording of the deed clearly took place while the stay was not in effect and the Movant is a third party purchaser at the foreclosure sale seeking to perfect its title in the property.

In his argument, the Debtor did not specify which provision of Section 362(a) was violated by the alleged actions of the foreclosure trustee. The only provision of the automatic stay potentially implicated under the unique and specific facts of this case[5] is Section 362(a)(3), which prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3). This Court holds that the acknowledgement of the Trustee's Deed, though a procedural

---

[5] The Court in Betchan referenced subsections (1), (3), (4), (5) and (6) of Section 362(a) in determining that the prepetition foreclosing creditor violated the stay by acknowledging, delivering and recording the stay.  However, under the facts of this case it is difficult to see how the potential postpetition acknowledgment and possibly the delivery of a Trustee's Deed implicates Section 362(a), subsections (1) (continued actions against the debtor), (4) (acts to create, perfect or enforce a lien against property of the estate), (5) (acts to create, perfect, or enforce liens against property of the debtor) or (6) (acts to collect, assess or recover claims against the debtor).

requirement of recording, did not violate Section 362(a)(3). However, if the delivery of the Trustee's Deed took place while the Debtor's bankruptcy case was pending, such delivery violated Section 362(a)(3) and is void. See <u>Schwartz v. U.S. (In re Schwartz)</u>, 954 F.2d 569, 574 (9th Cir. 1992).

Furthermore, the Court holds that any such delivery of the Trustee's Deed while the automatic stay was in effect does not come within the narrowly construed "ministerial act" exception to the automatic stay because the foreclosure trustee has some discretion to not deliver the deed.[6] Since the foreclosure trustee has the ability under the DTA to determine the sale is not valid on a variety of grounds that exercise of discretion is more than a ministerial act. See <u>McCarthy, Johnson & Miller v. North Bay Plumbing, Inc. (In re Pettit)</u>, 217 F.3d 1072, 1080 (9th Cir. 2000) (ministerial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement do not constitute violations of the stay under Section 362(a)(1)).

**E. Is Relief From Stay Appropriate Under the Circumstances of this Case?**

Movant requests relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2).[7] Pursuant to Section 362(d)(1) the Movant is entitled to relief from stay "for cause", including a lack of adequate protection. 11 U.S.C. § 362(d)(1). There is no clear definition of "cause" so it is left to the bankruptcy court to make a determination on a case-by-case basis. <u>Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)</u>, 912 F.2d 1162, 1166 (9th Cir. 1990).

---

[6] RCW 61.24.050(2)(a)(i)-(iii)(trustee may set aside sale for a variety of reasons such as an erroneous opening bid, loan modification or satisfaction of the loan); RCW 61.24.135 (providing that foreclosure trustee may withhold the deed and set aside the sale if it appears collusive or defective bidding occurred).

[7] Movant has not requested the Court annul the stay to validate delivery of the deed if such deed was in fact delivered during the time the case was pending. As indicated prior, the Court has no authority to annul the stay *sua sponte.*

MEMORANDUM DECISION ON
MOTION FOR RELIEF FROM STAY - 8

**Below is a Memorandum Decision
of the Court.**

Under the facts of this case, the Court finds that "cause" exists to grant relief from stay based on the following facts.  First, Movant is a bona fide purchaser that paid the $205,000 bid price to the foreclosure trustee and is "incurring significant financing charges" to a third party lender that financed such purchase price. Carl Decl. 1:21-22 and 2:8-10, ECF No. 26-1. The Debtor has not provided evidence of any adequate protection of the Movant's interests in the Property. Second, the Debtor not only failed to take any allowed statutory action under the Washington DTA to cure the default or to stay the foreclosure sale prior to the Trustee's acceptance of Movant's bid, but has also failed to provide any evidence of procedural or other irregularities in relation to such foreclosure sale or otherwise challenge the sale through the filing of any action to void such sale. Based on the Court's determination that invalidity of the physical delivery of the deed, if in fact done in violation of the stay, would not void the entire foreclosure sale, it is appropriate to grant the Movant relief from stay for cause.

Based on the foregoing, the Court finds that cause exists to grant Movant's request for relief from stay to: 1) take whatever procedural steps are necessary to finalize the sale under the Washington DTA or other applicable state law; and 2) seek possession of the Property in accordance with applicable state law.

/ / / End of Memorandum Decision / / /

MEMORANDUM DECISION ON
MOTION FOR RELIEF FROM STAY - 9